IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| Paige Law, as parent and next friend of her minor daughter, S.A., and | ) ) ) | |
| Steve McPherson, as parent and next friend of his minor daughter, A.M., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| vs. | ) ) | |
| KNOX COUNTY BOARD OF EDUCATION a/k/a KNOX COUNTY SCHOOLS a/k/a KNOX COUNTY SCHOOL DISTRICT; and DOES 1 through 50, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

The above-captioned Plaintiffs, Paige Law, as parent and next friend of her minor daughter, S.A., and Steve McPherson, as parent and next friend of his minor daughter, A.M., ("Plaintiffs"), respectfully file this Complaint against Defendants, Knox County Board of Education a/k/a Knox County Schools a/k/a Knox County School District and Does 1 through 50, ("Defendants"), and allege as follows:

## STATEMENT OF THE CASE

1. This action is posed for declaratory and injunctive relief. Defendants have violated (1) Title IX of the Education Amendment of 1972, 20 U.S.C. § 1681 *et seq*. ("Title

1

IX") and the regulations adopted thereto, and (2) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, by illegally and intentionally denying Plaintiffs' daughters the equal treatment and benefits that must necessarily accompany an equal opportunity to participate in athletics.

2. Defendants' denial of equal treatment and benefits constitutes intentional discrimination against the Plaintiffs' daughters based solely on their gender. Specifically, Defendants have discriminated against Plaintiffs' daughters in the following areas: (1) funding of athletics; (2) provision of equipment and supplies; (3) travel and/or per diem; (4) opportunity to receive coaching; (5) provision of locker rooms and/or facilities for both practice and competition; and (6) provision of training facilities and services.

3. This action seeks to redress the deprivation of Plaintiffs' daughters' rights to receive the equal treatment and benefits which must necessarily accompany an equal opportunity to participate in interscholastic and other school-sponsored athletics. This action seeks a declaratory judgment that Defendants have violated Plaintiffs' daughters' rights under federal law. This action further seeks an injunction requiring Defendants to immediately cease their discriminatory practices and to remedy the effects of their discriminatory practices and to remedy the effects of their discriminatory conduct.

4. Plaintiffs seek injunctive relief which, among other things, requires that Defendants provide Plaintiffs' daughters with treatment and benefits equivalent to those provided to the boys' athletic teams at Knox County Schools.

## JURISDICTION AND VENUE

5. The Plaintiffs' first claim arises under 20 U.S.C. § 1681, *et seq*. and its interpreting regulations. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

6. The Plaintiffs' second claim arises under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

7. Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201(a) and 2202.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b). These claims arose in Knox County, Tennessee, which is within the jurisdiction of this Court.

## THE PARTIES

9. Plaintiff Paige Law is the parent of S.A., a 16-year-old 10th grade student at Karns High School, in Knox County Schools. S.A. is a talented athlete who participates in softball. She has endured the unequal treatment and benefits directed by Knox County Schools toward its female athletes. Paige Law and S.A. are residents of Knoxville, Tennessee, which is within the jurisdiction of this Court.

10. Plaintiff Steve McPherson is the parent of A.M., a 16-year-old 11th grade student at Karns High School, in Knox County Schools. A.M. is a talented athlete who participates in softball. She has endured the unequal treatment and benefits directed by

Knox County Schools toward its female athletes. Steve McPherson and A.M. are residents of Knoxville, Tennessee, which is within the jurisdiction of this Court.

11. Defendant Knox County Schools is authorized by Tennessee law to operate and control Karns High School, where the Plaintiffs' daughters are students. Therefore, Defendants' conduct is considered state action under 42 U.S.C. §1983. Knox County Schools is located in Knox County, Tennessee, and a substantial part of the events or omissions giving rise to this lawsuit occurred in Knox County, which is within the jurisdiction of this Court. Since the passage of Title IX, Knox County Schools has received and continues to receive federal financial assistance and the benefits therefrom. Therefore, all programs at Knox County Schools, including athletics, are subject to the requirements of Title IX.

12. The named Plaintiffs are ignorant of the true names and capacities of Does 1-50, but believe them to be employees of Knox County Schools or members of the Knox County Board of Education. Plaintiffs will seek to amend this Complaint to set forth their true names and capacities when they are ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of these fictitiously named defendants is responsible in some manner for the discriminatory actions alleged herein and that each is a resident of the State of Tennessee and thus is subject to the jurisdiction of this Court.

4

Case 3:21-cv-00200-TRM-HBG   Document 1   Filed 06/03/21   Page 4 of 18   PageID #: 4

# GENERAL ALLEGATIONS
# THE REQUIREMENTS OF TITLE IX

13. Title IX, enacted in 1972, provides in relevant part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a). The Civil Rights Restoration Act of 1987 made Congress' intent plain that "program or activity," as used in Title IX, applies to any program or activity so long as any part of the public institution receives federal financial assistance. 20 U.S.C. § 1687. Thus, Knox County Schools is subject to Title IX even if none of the funding for either its girls' or boys' athletic programs comes specifically from federal sources.

14. In 1975, the Department of Health, Education and Welfare (the predecessor of the United States Department of Education ("DOE")) adopted regulations interpreting Title IX. These regulations are codified at 34 C.F.R. Part 106 (the "Regulations").

15. With regard to athletic programs, § 106.41(a) of 34 C.F.R. provides that interscholastic athletics are included within the "program or activity" requirements of Title IX:

> No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, be treated differently from another person or otherwise be discriminated against in

5

any interscholastic, intercollegiate, club or intramural athletics offered by a recipient ...

16. 34 C.F.R. § 106.41 (c) specifies ten (10) factors that are to be considered in the determination of equal athletic opportunity:

1. Whether the selection of sports and levels of competition effectively accommodate the interest and abilities of members of both sexes;
2. The provision of equipment and supplies;
3. Scheduling of games and practice times;
4. Travel and per diem allowance;
5. Opportunity to receive coaching and academic tutoring;
6. Assignment and compensation of coaches and tutors;
7. Provision of locker rooms, practice and competitive facilities;
8. Provision of medical and training facilities and services;
9. Provision of housing and dining facilities and services; and
10. Publicity.

Another factor to be considered is a school's "failure to provide necessary funds for teams for one sex." *Id.*

17. In 1979, the office of Civil Rights of the Department of Education ("OCR") issued a policy interpretation of Title IX and the Regulations. This policy interpretation is found at 44 Fed. Reg. 71413 (1979) (the "Policy Interpretation").

18. The Policy Interpretation provides that, in order to comply with Title IX and 34 C.F.R. § 106.41(c), schools must provide equal athletic opportunities in three general areas: (1) awarding of scholarships (aimed primarily at problems at the intercollegiate level); (2) participation opportunities (including both the number of opportunities and whether the selection of sports and the level of competition effectively accommodate the interests and abilities of members of both sexes); and (3) treatment and benefits. 44 Fed. Reg. at 71414.

19. Under both the Regulations and the Policy Interpretation, compliance in the area of equal treatment and benefits is assessed based on an overall comparison of the male and female athletic programs, including an analysis of factors (2) through (10) of 34 C.F.R. § 106.41 (c) listed above, and an analysis of whether the necessary funds are provided for teams of both sexes.

20. The Regulations require that sponsors of interscholastic and other school-sponsored athletics (such as Knox County Schools) take such remedial actions as are necessary to overcome the effects of gender discrimination in violation of Title IX. *See* 34 C.F.R. § 106.3(c). On information and belief, any remedial actions which Defendants have taken in the past have been insufficient to satisfy Defendants' obligations under Title IX.

21. The Regulations further require that sponsors of interscholastic and other school-sponsored athletics comply with the Regulations within three years of their effective date (which was July 21, 1975). Now, more than forty-five (45) years later, Defendants have still not fully complied with Title IX.

## THE U.S. CONSTITUTION

22. The Fourteenth Amendment to the United States Constitution requires that a state shall not "deny to any person within its jurisdiction the equal protection of the laws."

23. Under 42 U.S.C. § 1983, Defendants may be held liable for their actions in violating Plaintiffs' daughters' rights under the Fourteenth Amendment.

## INJUNCTIVE RELIEF

24. Plaintiffs are entitled to injunctive relief to end Defendants' unequal, discriminatory and unlawful treatment of female student athletes. Because of Defendants' acts and omissions, Plaintiffs' daughters continue to be deprived of the rights guaranteed to them by the United States Constitution and the laws of the United States. Failure to grant the injunctive relief requested will result in irreparable harm to Plaintiffs' daughters in that Plaintiffs' daughters' rights will be violated and that Plaintiffs' daughters will never be able to participate in interscholastic and/or other school-sponsored athletics on an equal basis with their male classmates. Accordingly, Plaintiffs do not have an adequate remedy at law for this harm. This threatened harm far outweighs any possible harm that granting injunctive relief might cause Defendants. Finally, the injunctive relief sought would in no

way disserve the public interest but, on the contrary, would prevent discrimination based on gender and would promote the goal of full equality before the law.

## ATTORNEYS' FEES

25. Plaintiffs have been required to retain the undersigned attorneys to prosecute this action. Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## FIRST CLAIM FOR RELIEF: TITLE IX
## (Unequal Treatment and Benefits)
## (Against Knox County Schools Only)

26. Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 25 inclusive of this Complaint.

27. Knox County Schools, by its conduct, has violated Title IX by knowingly and deliberately discriminating against female students, including the Plaintiffs' daughters, by failing to provide them with treatment and benefits which are comparable overall to the treatment and benefits provided to male athletes.

28. On information and belief, Plaintiffs allege that Knox County Schools has failed to comply with Title IX by failing to provide their daughters and other female athletes with comparable treatment and benefits including, but not limited to, the following areas:

(1) Knox County Schools funds athletics in a manner that discriminates against Plaintiffs' daughters and other female athletes. For example, Knox County Schools routinely allows the infusion of more funds for

boys' sports as compared to girls' sports. This includes more money for the baseball program at Karns High School as compared to the softball program at Karns High School.

(2) Knox County Schools discriminates against Plaintiffs' daughters and other female athletes in the provision of equipment and supplies. For example, the softball program at Karns High School is required to purchase essential athletic equipment and supplies, including field maintenance equipment and supplies.

(3) Knox County Schools discriminates against Plaintiffs' daughters and other female athletes in the provision of travel and/or per diem. For example, the softball program at Karns High School is required to provide their own private transportation for their away games.

(4) Knox County Schools discriminates against Plaintiffs' daughters and other female athletes in the opportunity to receive coaching. For example, baseball players have superior access to their head coach, since the head coach for the baseball program is on the Karns High School campus, while the head coach for the softball program is not.

(5) Knox County Schools supplies superior access to superior locker rooms and/or facilities for both practice and competition, to boys as compared to girls at Karns High School. For example, the press box at the Karns High School baseball facility is superior to the press box

at the Karns High School softball facility. The press box at the baseball facility is a second-story enclosed facility. The "press box" provided to the softball program is an open-air ground-level platform exposed to the elements. The press box at the football facility is an enclosed press box, superior to the "press box" at the softball facility. The sound system provided to the baseball program is superior to that provided to the softball program, and is kept and utilized inside the enclosed baseball press box. The inferior sound system provided to the softball program is of course simply set on the open platform, since there is no actual softball press box. The baseball facility has superior, and more, seating for spectators. The baseball facility has seating for approximately three times as many spectators as the softball facility. The baseball facility has one five-tier and two ten-tier sets of bleachers with handrails and fencing for safety. The softball facility has one five-tier and one three-tier set of bleachers with no handrails or fencing for safety. The spectator seating at the baseball facility is adequate. The spectator seating at the softball facility is not adequate. The baseball facility is handicap accessible, with concrete in spectator areas. The softball facility is not handicap accessible, with gravel in spectator areas. The baseball facility has a platform for handicap seating with a ramp for access. The softball

11

facility has no designated handicap seating. The baseball facility has a clubhouse which includes a locker room with restroom facilities for the use of the baseball program. The football program is also provided a locker room. The softball program has no locker room. The baseball program is provided a coaches' office in the clubhouse. The softball program is provided no coaches' office, either in a clubhouse (since they have no clubhouse) or anywhere else. The baseball locker room has air conditioning. The softball program has no locker room with air conditioning, since it has no locker room. The baseball facility has modern public restrooms with running water. The softball facility has porta-potties, which the softball program is responsible for emptying. The porta-potties do not even have water for the girls or spectators to wash their hands. The football facility has restrooms with running water. The baseball facility has running water in various locations, including in the concession stand, public restrooms and baseball clubhouse. There is no running water at the softball facility. The lights at the baseball facility are superior to the lights at the softball facility. The baseball facility has a "Welcome to Karns Baseball" sign at the entrance. The softball facility has no similar sign. The maintenance at the baseball and football facilities is superior to the maintenance at the softball facility. The baseball

and football programs are provided superior maintenance equipment storage as compared to the softball program. Storage of maintenance equipment at the baseball facility is locked and secure. Storage of maintenance equipment at the softball facility is unsecure and impossible to be locked, as it is an open-sided shed. The baseball program has a covered hitting facility at its field. The hitting facility at the softball field is not covered. The hitting facility at the baseball field has electricity. The hitting facility at the softball field has no electricity. The hitting facility at the baseball field has lights installed in its ceiling. The hitting facility at the softball field has no lights installed in its ceiling, since it has no ceiling. The hitting facility at the baseball facility has an astroturf floor. The floor at the hitting facility at the softball facility is gravel. The baseball hitting facility has two full length lanes for pitching and hitting. The softball hitting facility has no full length lanes. As a result, the softball players have no hitting facility with the full distance from the pitching circle to home plate in which to practice. The baseball hitting lanes have quality nets for the safety of the baseball players. The softball hitting lane nets have holes, creating an unsafe environment for the softball players. The baseball program has a mobile batting practice cage. The softball program has no mobile batting practice cage.

13

The baseball facility has superior storage facilities as compared to the softball facility. For example, the softball storage facility leaks, making it difficult to store valuable equipment. The concession stand at the baseball facility, which is a permanent building and has running water, is superior to the concession stand at the softball facility, which is a temporary shed and has no running water. The football facility has concessions with running water. The baseball facility has a large parking lot enclosed within its perimeter fence with adequate space for spectator parking. The softball facility parking lot is inadequate both as to size and location outside the perimeter fence. The baseball facility has seating for consuming concessions. The softball facility has no seating for consuming concessions. The baseball facility has senior recognition pole mounts. The softball facility has no such feature. The baseball facility has an awards recognition area. The softball facility has no such feature. The baseball facility has superior security lighting for the security of the baseball players, fans and facilities as compared to the softball facility. The foundation for the backstop at the baseball facility is constructed of concrete. There is no foundation for the backstop at the softball facility. The backstop at the baseball facility is constructed of poles and major league-type netting. The backstop at

14

the softball facility is inferior as compared to the baseball backstop, constructed of inferior pipes and chainlink. The baseball field has a pitching mound tarp. The softball field has no pitching circle tarp. The baseball facility is completely enclosed with a perimeter fence. As stated above, the softball parking area is not within the perimeter fence.

(6) Knox County Schools discriminates against Plaintiffs' daughters and other female athletes in the provision of training facilities and services. For example, male athletes at Karns High School are provided superior access to trainers as compared to female athletes, including the Plaintiffs' daughters.

29. The imbalance in the treatment of female and male athletes at Karns High School as detailed above, demonstrates Knox County Schools' intentional and conscious failure to comply with Title IX.

30. Knox County Schools' conduct has persisted despite the mandates of the Regulations, particularly 34 C.F.R. §§ 106.3(a) and 106.41(d), and the Policy Interpretation.

31. Knox County Schools' conduct violates 20 U.S.C. § 1681 *et seq.*, as interpreted by 34 C.F.R. §§ 106.31 and 106.41 and the Policy Interpretation thereof.

15

## SECOND CLAIM FOR RELIEF: EQUAL PROTECTION
### (Against All Defendants)

32. Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 31 inclusive of this Complaint.

33. Defendants, by their failure to provide Plaintiffs' daughters with equivalent treatment and benefits as they have the male athletes (as detailed above), have purposefully and illegally discriminated against Plaintiffs' daughters and other female students on the basis of gender, and have intentionally and illegally deprived them of their rights to equal protection secured by the Fourteenth Amendment to the United States Constitution.

34. Defendants have illegally failed and refused to remedy the unequal treatment and benefits received by Plaintiffs' daughters and other female athletes as compared to male athletes at Karns High School. Therefore, Defendants' actions constitute a knowing and illegal disregard for Plaintiffs' daughters' constitutional rights.

35. Section 1983 of Title 42 of the United States Code provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

> liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

36. When Defendants engaged in the improper actions described above, they were acting under color of law for purposes of the Equal Protection Clause of the United States Constitution and 42 U.S.C. § 1983. Under this section, the Defendants are liable for their violations of the Plaintiffs' daughters' constitutional rights under the Fourteenth Amendment.

## **RELIEF REQUESTED**

WHEREFORE, on each of their claims, Plaintiffs respectfully pray that this Court:

A. Enter an order declaring that Defendants have engaged in a past and continuing pattern and practice of discrimination against female students, including Plaintiffs' daughters, on the basis of gender in violation of Title IX and the regulations promulgated thereunder (including unequal treatment and benefits), and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

B. Issue a permanent injunction (a) restraining Defendants and their officers, agents, employees, successors and any other persons acting in concert with them, from continuing to maintain practices and policies of discrimination against Plaintiffs' daughters on the basis of gender, and (b) requiring Defendants, immediately upon issuance of the injunctive order, to adopt and implement a budget and plan which corrects and remediates Defendants' violation of Title IX and the Fourteenth Amendment. Such a plan should

include, among other things, providing Plaintiffs' daughters and other female athletes with treatment and benefits comparable to those provided to male athletes at Karns High School.

C. Grant an expedited hearing and ruling on the permanent injunction request in paragraph B above.

D. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

E. Order such other and further relief as the Court deems appropriate.

F. Designate that the trial take place before the U. S. District Court in Knoxville, Tennessee.

Dated: June 3, 2021

Respectfully submitted,

**SCHILLER LAW FIRM**

**s/ Samuel J. Schiller**
**SAMUEL J. SCHILLER**
Tennessee Attorney Registration #021810
Oklahoma Bar Association #016067
Suite 200, 4113 Cumby Road
Cookeville, TN 38501
Telephone: (931) 528-5050
Email: sjs@schillerlawfirm.com
*Counsel for Plaintiffs*

SJS:km/mk
Karns Complaint 6-3-2021.docx